**IN THE UNITED STATES DISTRICT COURT**
<u>**FOR THE DISTRICT OF MARYLAND**</u>
*Southern Division*

| | | |
|---|---|---|
| **MICHELLE TYLER-SIMMS,** | * | |
| **Individually and as Next Friend of** | | |
| **SUMMER TYLER-SIMMS, Minor,** | * | |
| | | |
| **Plaintiffs,** | * | |
| **v.** | | **Case No.: GJH-20-3081** |
| | * | |
| **VINEYARD VINES RETAIL, LLC,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Michelle Tyler-Simms, individually and as next friend of Plaintiff Summer Tyler-Simms, brought this civil action against Defendant Vineyard Vines Retail LLC ("Vineyard Vines"), alleging a negligence claim under Maryland law. ECF No. 3. Pending before the Court is Defendant's Motion to Dismiss. ECF No. 6. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion to Dismiss is granted.

**I.    BACKGROUND**[1]

**A.    Jurisdictional Background Facts**

Plaintiffs Michelle and Summer Tyler-Simms are both residents of Maryland. ECF No. 3 ¶¶ 1, 2. Defendant Vineyard Vines is a limited liability company that is organized in Connecticut and has its principal place of business in Connecticut. ECF No. 2. Defendant is a subsidiary of Vineyard Vines, LLC, which is also a limited liability company incorporated in Connecticut with

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 3, and are presumed to be true.

a principal place of business in Connecticut. *Id.* Neither Defendant nor its parent have any members that are citizens of Maryland. *Id.*

Defendant Vineyard Vines does conduct business in Maryland. ECF No. 3 ¶ 4. Specifically, in Plaintiffs' Opposition to Defendant's Motion to Dismiss, Plaintiffs assert that "[i]n Maryland, the Defendant's products are not only sold in their stores located in Bethesda, Maryland at Westfield Montgomery Mall and Hanover, Maryland at Arundel Mills Mall, but also at major retailers (Nordstrom, Bloomingdales, Saks Fifth Avenue, Belk) and smaller, local 'mom and pop' stores[.]" ECF No. 8-1 at 2. Plaintiffs also assert that, in 2015, Defendant "registered with the Maryland State Department of Assessment and Taxation . . . as a foreign limited liability company" and "re-registered" in 2018. *Id.*[2]

## B.     Background Facts Relevant to Plaintiffs' Negligence Claim

On or about August 4, 2018, Plaintiffs Michelle Tyler-Simms and her minor daughter Plaintiff Summer Tyler-Simms were customers at the Vineyard Vines retail location in Leesburg, Virginia. ECF No. 3 ¶¶ 5, 9, 14. While Plaintiffs were standing in an aisle at the Vineyard Vines Leesburg location, a picture frame fell off a shelf and struck the Plaintiffs, causing serious injuries, some of which are permanent in nature. *Id.* ¶¶ 9, 12, 14, 17. Also as a result of this incident, Plaintiffs have and will continue to endure "great pain and suffering of both body and mind, nervousness[,] and anxiety" and "will continue to incur medical and out-of-pocket expenses" as the result of these injuries. *Id.* ¶¶ 12, 17.

Plaintiff Michelle Tyler-Simms originally filed this action in the Circuit Court for

---

[2] Plaintiffs attach to their Opposition exhibits that support the these allegations. *See* ECF No. 8-2; ECF No. 8-3; ECF No. 8-4; ECF No. 8-5.

Montgomery County, Maryland on July 9, 2020. ECF No. 3 at 1, 8.[3]  Defendant subsequently removed the action to this Court on October 22, 2020. ECF No. 1. Defendant then filed a Motion to Dismiss on October 28, 2020, arguing that neither this Court nor the state courts of Maryland possess personal jurisdiction over Defendant and, therefore, the Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2). ECF No. 6 at 2. Plaintiffs opposed Defendant's Motion to Dismiss on November 10, 2020, ECF No. 8, and Defendant replied on November 16, 2020, ECF No. 9.

## II.    STANDARD OF REVIEW

A motion to dismiss for lack of personal jurisdiction arises under Fed. R. Civ. P. 12(b)(2). "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). Discovery and an evidentiary hearing are not required to resolve a motion under Rule 12(b)(2). *See generally* 5B Wright & Miller, Federal Practice & Procedure § 1351, at 274–313 (3d ed. 2004, 2012 Supp.). The Court may address personal jurisdiction as a preliminary matter, ruling solely on the motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009); *see also In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). In such a circumstance, the plaintiff need only make "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Eng'rs Corp.*, 561 F.3d at 276. "In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

plaintiff." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir.

2003) (citing *Mylan Lab'ys Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993)).

## III.    DISCUSSION

Personal jurisdiction over a nonresident defendant, such as Defendant Vineyard Vines, is

proper when "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of

that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991

F.2d 1195, 1199 (4th Cir. 1993); *see also* Fed. R. Civ. P. 4(k)(1)(A). Although it is not

permissible to completely dispense with analysis under the long-arm statute altogether, *see*

*Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006), "[i]n applying Maryland's

long-arm statute, federal courts often state that '[the] statutory inquiry merges with [the]

constitutional inquiry.'" *Dring v. Sullivan*, 423 F. Supp. 2d 540, 544 (D. Md. 2006) (collecting

cases). Accordingly, the Court first assesses whether the exercise of personal jurisdiction over

Defendant is consistent with constitutional due process.

A court's exercise of personal jurisdiction over a defendant is consistent with due process

so long as the defendant has established "minimum contacts" with the forum state such that

maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation

omitted). Put differently, a court must consider whether a defendant's contacts with the forum

state are substantial enough that it "should reasonably anticipate being haled into court there."

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Personal jurisdiction

exists where either general jurisdiction or specific jurisdiction is established." *Barnett v. Surefire

Med., Inc.*, No. JFM-17-1332, 2017 WL 4279497, at *2 (D. Md. Sept. 25, 2017). Plaintiff claims

both types of jurisdiction exist over Defendant in this case. ECF No. 8-1 at 5–6. Thus, the Court

addresses both general and specific jurisdiction below.

      **A.**    **General Jurisdiction**

The Court will first determine whether Plaintiffs have established general personal jurisdiction over Defendant. "To establish general jurisdiction, the defendant's activities in the state must have been 'continuous and systematic.'" *Carefirst of Md., Inc.*, 334 F.3d at 397. "In the context of a corporation [or other business entity], the paradigm bases for general jurisdiction are 'the place of incorporation [or organization] and principal place of business." *Barnett*, 2017 WL 4279497, at *2 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)); *see also Richards v. NewRez LLC*, No. ELH-20-1282, 2021 WL 1060286, at *15–*16 (D. Md. Mar. 18, 2021) (determining that the court did not have general jurisdiction over the defendant LLC because the defendant LLC was neither incorporated nor headquartered in Maryland nor was it the "exceptional case" that renders "the corporation at home" elsewhere (citing *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)). "[W]hile those paradigms are not necessarily the only bases for general jurisdiction, it would be 'unacceptably grasping' to approve the exercise of general jurisdiction whereever a [defendant entity], 'engages in a substantial, continuous, and systemic course of business,'" *Barnett*, 2017 WL 4279497, at *2 (quoting *Daimler AG*, 571 U.S. at 137 (declining to find general jurisdiction lies in every state in which a corporate defendant has "sizeable" sales)). Specifically, "[i]n-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum state.]" *BNSF Ry. Co.*, 137 S. Ct. at 1559; *see also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 138 (4th Cir. 2020) (concluding that the act of obtaining a business license in a state does not create general jurisdiction). The Supreme Court has "emphasized that a corporation is 'at home' only in its 'place of incorporation and its principal place of business' unless there is an

'*exceptional case*' that 'render[s] the corporation at home' elsewhere." *Richards*, 2021 WL 1060286, at *15 (emphasis added) (quoting *BNSF Ry. Co.*, 137 S. Ct. at 1558)).

Here, there is no general jurisdiction over Defendant. Defendant Vineyard Vines is neither incorporated in Maryland nor does it have its principal place of business here. ECF No. 2. Moreover, none of Defendants' members are citizens of Maryland. *Id.* Finally, although Plaintiffs have provided some evidence that Vineyard Vines does conduct business in Maryland, *see supra* § II.A, Defendant does not present an "exceptional case," warranting a finding that general jurisdiction applies without the typical requirements. *BNSF Ry. Co.*, 137 S. Ct. at 1558. There "is nothing that would distinguish [Vineyard Vines'] relationship with [Maryland] from its relationship with any of the other states where it does business but where it is not incorporated or headquartered[.]" *Fidrych*, 952 F.3d at 134. Thus, because Defendant's contacts do not rise to the level of rendering it at home in Maryland, the requirements for the exercise of general jurisdiction are not satisfied in this case.

### B.    Specific Jurisdiction

The Court will next consider whether Plaintiffs have established that this Court has specific personal jurisdiction over Defendant. To assess specific personal jurisdiction, the Fourth Circuit applies a three-prong test: "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

Of importance here, the second prong of the specific jurisdiction test "requires that the defendant's contacts with the forum state form the basis of the suit[,]" *Consulting Eng'rs Corp.*,

561 F.3d at 278, which is clearly not the case here. The Vineyard Vines retail location where Defendant's breach and Plaintiffs' resulting injuries occurred is in Virginia. ECF No. 3 ¶¶ 9, 11, 14, 16. The suit did not arise in any way out of the business Defendant conducts in Maryland nor out of its status as a Maryland-registered "foreign limited liability company." ECF No. 8-1 at 2. Thus, this Court does not have specific jurisdiction over Defendant.[4]

***

Because the Court has neither general nor specific jurisdiction over Defendant, the Court must dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. A separate Order shall issue.

Date: <u>July    20, 2021</u>                              <u>        /s/        </u>
                                                                     GEORGE J. HAZEL
                                                                     United States District Judge

---

[4] Plaintiffs argue that because they were treated for their injuries in Maryland, the Court has specific jurisdiction over Defendant in Maryland. ECF No. 8-1 at 6. However, specific jurisdiction only exists when "the suit arises out of or relates to the *defendant's* contacts with the forum[,]" not the plaintiffs' contacts. *Daimler AG*, 571 U.S. at 127 (emphasis added) (internal quotation marks and brackets omitted); *Osiris Therapeutics, Inc. v. MiMedx Grp., Inc.*, No. CCB-18-950, 2018 WL 6573099, at *5 (D. Md. Dec. 13, 2018) ("The Supreme Court's personal jurisdiction jurisprudence makes clear that specific jurisdiction is premised on the defendant's contacts with the forum state, not the defendant's contacts with individuals from the forum state, or the plaintiff's contacts with the forum state." (citing *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014)); *see also Walden*, 571 U.S. at 286 ("[I]t is likewise insufficient to rely on a defendant's 'random, fortuitous, or attenuated contacts' or on the 'unilateral activity' of a plaintiff." (citation omitted)).

7